Date signed July 21, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | |
|---|---|
| **In Re:** <br><br> **Renee Imeh Okon,** <br><br>      **Debtor.** | **Case No. 07-11470PM** <br> **Chapter 7** |
| **Renee Imeh Okon,** <br>           **Plaintiff,** <br> **v.** <br><br> **Alan S. Kerxton,** <br>           **Defendant.** | **AP No. 07-00677PM** |

## MEMORANDUM OF DECISION

This matter came before the court on July 16, 2008, on the "Defendant's Motion for Summary Judgment." Upon consideration of the Motion, the Plaintiff's untimely Opposition and Affidavit and the argument of the parties at the hearing, the court finds that granting summary judgment in favor of the Defendant is appropriate.

By her complaint, entitled "Motion for Sanctions for Violation of the Automatic Stay Provision of the Bankruptcy Code," the Plaintiff, Renee Imeh Okon, asserted that the Defendant, Alan S. Kerxton, through his representation of the Plaintiff's former landlord, Ramjeg Real Estate, tortiously interfered with the Plaintiff's business and violated the automatic stay of 11 U.S.C. § 362(a). The Plaintiff seeks compensatory damages in the amount of $82,000.00, punitive damages in the amount of $820,000.00 and an award of attorney's fees. She further demanded a trial by jury, that request being denied by Order entered November 8, 2007.

By his Motion, the Defendant asserts entitlement to judgment as a matter of law as the record reflects no genuine issue as to any material fact.  "Rule 56(c) of the Federal Rules of Civil Procedure requires that the district court enter judgment against a party who, 'after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (CA4 2008), quoting Stone v. Liberty Mut. Ins. Co., 105 F.3d 188, 190 (CA4 1997), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The Plaintiff's case is premised on a single line item on the Defendant's time records reflecting a telephone conference with Michael G. Wolff, counsel to the Plaintiff's former clients, Mr. and Mrs. David Moses.  From this time entry, the Plaintiff infers that the Defendant improperly contacted her customers in an attempt to sabotage her professionally.

The Plaintiff's answer to Interrogatory No. 9 propounded by the Defendant, as well as the Affidavits of Alan S. Kerxton and Michael G. Wolff, are the basis for this court's award of summary judgment.  The court is cognizant that the Plaintiff is unrepresented by counsel in this proceeding; however, the Plaintiff's inferences and speculations cannot defeat the Defendant's claimed entitlement to summary judgment.  See Othentec Ltd. v. Phelan, 526 F.3d at 140 ("The nonmoving party 'cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another.' Rather, a nonmoving party must produce some evidence (more than a "scintilla") 'upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'" (citations omitted)).

It is undisputed that the Defendant contacted Michael G. Wolff on March 13, 2007; however, the Plaintiff failed to present evidence in her Affidavit or at the hearing that the contact was in any manner nefarious or damaging. The substance of this conversation was described in the Affidavit of Mr. Wolff.  There is not the slightest evidence of any disparagement of the Plaintiff in this record.

An appropriate order will be entered.

cc:  Renee Imeh Okon
     8903 Georgia Avenue
     Silver Spring, MD 20910

Alan S. Kerxton, Esquire
25 West Middle Lane
Rockville, Maryland   20850

**End of Memorandum**