Date signed October 02, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 07-11470PM |
|---|---|
| **Renee Imeh Okon,** | Chapter 7 |
| **Debtor.** | |
| **Renee Imeh Okon,**   **Plaintiff,** | AP No. 07-00677PM |
| v. | |
| **Alan S. Kerxton,**   **Defendant.** | |

### MEMORANDUM OF DECISION

This matter came before the court for a hearing on the Second Motion for Sanctions filed by Alan S. Kerxton ("Kerxton"), the Defendant, and the Opposition filed by Renee Imeh Okon ("Ms. Okon"), the Plaintiff.  The initial Motion for Sanctions filed by Kerxton was denied as premature. Kerxton seeks sanctions in the form of legal fees and costs incurred in defending this case in the total amount of $6,438.00.

Ms. Okon filed this adversary proceeding on September 4, 2007, by filing a "Motion for Sanctions for Violation of the Automatic Stay Provision of the Bankruptcy Code."  Before his response was due, Kerxton sent a letter to Ms. Okon on October 1, 2007, enclosing a copy of Fed. R. Bankr. P. 9011 that is modeled after Fed. R. Civ. P. 11.  A copy of the letter appears as one of two documents marked "Exhibit C" appended to Kerxton's Second Motion.  The letter details why, in Kerxton's opinion, this action was frivolous and stated with particularity why.  Nearly all of the facts that were alleged by Kerxton appear later in affidavits supporting his Motion for Summary

Judgment. The letter explained to Ms. Okon how she could verify the statements that he made in the letter. By Order entered June 9, 2008 (D.E. #14), the court denied Kerxton's initial motion for sanctions, because no final order had been entered in this adversary proceeding. This Order reiterated the "safe harbor" provision of Fed. R. Bankr. P. 9011. Again, Ms. Okon did not avail herself of this opportunity. By an Order entered July 22, 2008 (D.E. #46), this court granted Kerxton's Motion for Summary Judgment and entered judgment in his favor. No appeal was taken by Ms. Okon from that judgment.

> Rule 9011(b) of the Federal Rules of Bankruptcy Procedure provides:
>
> (b) Representations to the court
>
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>>
>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

In addition to having the power to sanction a *pro se* party for violation of the above-cited Rule, this court also has the inherent power to regulate a litigant's behavior and impose sanctions for bad faith conduct. *In re Weiss*, 111 F.3d 1159, 1170-71 (CA4 1997). Sanctions may be imposed for any one of the four causes set out. *Cf. Morris v. Wachovia Securities, Inc.*, 448 F.3d 268, 276 (CA4 2006). The court finds no basis to deny compensation to Kerxton because he elected to represent himself rather than hiring counsel. *Cf. White v. Arlen Realty & Dev. Corp.*, 540 F.2d 645, 649, n.20 (CA4 1975).

The court does not find that Ms. Okon initiated this proceeding against Kerxton in bad faith. It is this court's impression that she feels that she has been wronged. Nonetheless, this does not change the court's conclusion that this action was not well-grounded in fact or law and that, despite being given an opportunity to avoid the imposition of sanctions and being fully advised, Ms. Okon

chose to proceed.  The court ultimately found that there was not the slightest bit of evidence of any disparagement of Ms. Okon by Kerxton in the record.  Accordingly, pursuant to Fed. R. Bankr. P. 9011(b)(3), this court will award Kerxton total compensation in the amount of $2,275.00.

The court is allowing less than requested because Ms. Okon was entitled to a reasonable opportunity to investigate her claim further or conduct discovery.  There was no such investigation conducted.  *See, In re KTMA Acquisition Corp*., 153 B.R. 238, 24950 (BC Minn. 1993).  Only after a point does the court find that the action was continued for an improper purpose to harass Kerxton.  Further, the court does not believe that Kerxton is entitled to the same fee to represent himself in this matter that he would charge a client.

Kerxton will upload an appropriate Order.

cc:   Renee Imeh Okon
      8903 Georgia Avenue
      Silver Spring, MD 20910

      Alan S. Kerxton, Esquire
      25 West Middle Lane
      Rockville, Maryland   20850

**End of Memorandum**